IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHONNA D. DELAWARE**                                               **PLAINTIFF**

v.                          No. 4:15-CV–579-BRW-BD

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                    **DEFENDANT**

## Recommended Disposition

**Instructions.** The following recommended disposition was prepared for Judge Billy Roy Wilson. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wilson may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background.**  Shonna D. Delaware seeks judicial review of the decision terminating her supplemental security income (SSI).[3]  On June 3, 2007, the Commissioner awarded SSI beginning May 28, 2003.  As part of the mandatory review process, the Commissioner reviewed the case, determined that Ms. Delaware had medically improved so that she was no longer disabled, and notified her that SSI would cease.[4]  Ms. Delaware asked for SSI while she appealed.[5]  She claimed she was still disabled due to several physical complaints.[6]  After a hearing, the Commissioner's ALJ issued a decision denying further payments.

**The Commissioner's decision**.  The ALJ determined that Ms. Delaware had medically improved as of February 1, 2012.  The ALJ determined that, as of that date, Ms. Delaware had severe impairments — irritable bowel syndrome (IBS), back pain, and hypertension — but that she could do medium work.[7]  Because a vocational expert

---

[3]SSA record at p. 49 (unfavorable decision).

[4]*Id*. at p. 103.

[5]*Id*. at p. 241.

[6]*Id*. at p. 194 (basing continued disability on chronic back and abdomen pain, migraines, inflamed colon, dysfunctional digestive system, extreme anorexia, hypertension, depression, and fear of death).

[7]*Id*. at pp. 51 & 53.

identified available work, the ALJ determined Ms. Delaware was no longer disabled, as of February 1, 2012.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for the purpose of judicial review.[10] Ms. Delaware filed this case to challenge the decision.[11] In reviewing the decision, the court must determine whether substantial evidence supports the decision.[12] This recommendation explains why the court should affirm the decision.

**Ms. Delaware's allegations**. Ms. Delaware challenges the development of the record. She claims substantial evidence does not support medical improvement.[13]

---

[8]*Id*. at pp. 60-61.

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 423(f)(1) (decision to cease benefits must be supported by "substantial evidence which demonstrates that—(A) there has been any medical improvement in the individual's impairment or combination of impairments … and (B) the individual is now able to engage in substantial gainful activity"); *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008) ("When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity.").

[13]Docket entry #s 12 & 22.

**Applicable legal principles**.  A decision to cease SSI must be supported by substantial evidence showing there has been medical improvement in the claimant's impairment such that the claimant could engage in substantial gainful activity.[14]  For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to show Ms. Delaware improved enough to work as of February 1, 2012.[15]

**Medical improvement.**  The first question is whether Ms. Delaware had sufficiently improved from a medical standpoint.[16]  The Commissioner determines medical improvement by comparing the claimant's present condition with her condition at the time benefits were awarded.  To do that, the Commissioner compares current medical evidence with the prior medical evidence to determine whether "there have been changes (improvement) in the symptoms, signs or laboratory findings associated with [the claimant's] impairment(s)."[17]  This task requires the court to determine whether medical evidence showed improvement in Ms. Delaware's symptoms, signs, or

---

[14]*See* 42 U.S.C. § 423(f)(1).

[15]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[16]42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity").

[17]20 C.F.R. § 416.994.

laboratory findings as of February 1, 2012, as compared to the time benefits were awarded on June 3, 2007.

The record omits the evidence that existed on June 3, 2007, but the record identifies the basis for the initial award. The award was based on severe complications following a stillborn delivery, including dysfunctional uterine bleeding, IBS, chronic constipation, hypertension, esophagitis, gastritis, and hiatal hernia.[18] Ms. Delaware claims the omission of earlier evidence justifies a remand, but the basis for the award provided a point of comparison for determining medical improvement.[19]

Updated medical evidence showed no treatment for dysfunctional uterine bleeding, chronic constipation, esophagitis, gastritis, or hiatal hernia. No treatment evidenced medical improvement in the symptoms, signs, or laboratory findings associated with those impairments; it showed the impairments had resolved.

Updated treatment records showed that other impairments — hypertension, IBS, and menopause — were controlled or stable.[20] The characterizations "controlled" and

---

[18] SSA record at pp. 126 & 308.

[19] 20 C.F.R. § 416.994 ("Point of comparison. For purpose of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.").

[20] SSA record at p. 344 (Dec. 14, 2011: per primary care provider, hypertension and IBS were controlled; menopause was stable), p. 346 (Jan. 19, 2012: hypertension and

"stable" indicated treatment controlled Ms. Delaware's symptoms. "An impairment … controlled by treatment or medication is not considered disabling."[21]

If the Commissioner can be faulted, it is for not identifying medical improvement earlier. Treatment records beginning in October 2010 document regular primary care provider visits — for estrogen injections and medication refills — but no negative medical findings. Treatment records characterized chronic conditions as controlled or stable and documented no functional limitation.[22] Under these circumstances, disability ended earlier than February 1, 2012.

**Ability to work**. The next question is whether Ms. Delaware could work as of February 1, 2012.[23] If a claimant's medical condition improves, and she still has severe

---

IBS controlled, menopause stable), p. 352 (Mar. 15, 2012: hypertension, IBS, menopause and degenerative disc disease stable).

[21]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[22] SSA record at p. 275 (Oct. 15, 2010: hypertension and IBS controlled, menopause stable), pp. 277-78 (Nov. 30, 2010: hypertension and IBS controlled, menopause stable.), p. 280 (Feb. 1, 2011: hypertension and IBS controlled, menopause stable), p. 296 (Mar. 8, 2011: hypertension and IBS controlled, menopause stable), p. 285 (Apr 11, 2011: hypertension and IBS controlled, menopause stable), p. 288 (May 18, 2011: hypertension and IBS controlled, menopause stable), p. 302 (June 22, 2011: hypertension and IBS controlled, menopause stable), p. 306 (Sept. 7, 2011: hypertension and IBS controlled, menopause stable), p. 344 (Dec. 14, 2011: hypertension and IBS controlled, menopause stable) & p. 346 (Jan. 19, 2012: hypertension and IBS controlled, menopause stable).

[23] 42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's

impairments, the Commissioner must determine whether the claimant can do her past work, and if not, whether she can perform other work.[24] The ALJ determined Ms. Delaware had no past relevant work, but that she could do medium work. The court must consider whether substantial evidence supports the determination.

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, … she can also do sedentary and light work."[25] According to agency medical experts, the medical evidence supported medium work.[26] Ms. Delaware disagrees, but treatment records as of February 1, 2012 documented no functional limitations. Treatment records after February 1, 2012 showed that her chronic conditions remained stable.[27] Ms. Delaware contends the ALJ should have asked her doctors about her

---

ability to work), and (B) the individual is now able to engage in substantial gainful activity").

[24] 20 C.F.R. § 416.994.

[25] 20 C.F.R. § 416.967(c).

[26] SSA record at pp. 318 & 365.

[27] *See, e.g., id.* at p. 397 (June 13, 2012: hypertension, IBS, menopause and degenerative disc disease stable), p. 405 (Sept. 12, 2012: hypertension, IBS, menopause, degenerative disc disease and low back pain stable), p.421 (Apr. 2, 2013: hypertension, chronic obstructive pulmonary disease, IBS, menopause and degenerative disc disease stable) & p. 434 (Sept. 27, 2013: hypertension, chronic obstructive pulmonary disease, IBS, menopause and degenerative disc disease stable).

ability to work, but the ALJ had sufficient evidence to determine disability.[28] The ALJ obtained updated treatment records and deferred to medical assessments of Ms. Delaware's impairments.

The ALJ asked a vocational expert about available work. The vocational expert identified cook's helper as available medium work, and cashier II as available light work.[29] The availability of these jobs shows work exists that Ms. Delaware could do, regardless of whether such work exists where she lived, whether a job vacancy existed, or whether she would have been hired if she applied for work.[30] Because such work existed, substantial evidence supports the determination that Ms. Delaware was not disabled on February 1, 2012.

**Conclusion and recommendation**. Because substantial evidence supports the ALJ's decision, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

---

[28] *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("Although … duty [to develop the record] may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped."); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

[29] SSA record at p. 93.

[30] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

Dated this 13th day of June, 2016.

                                          /s/ Beth Deere  
                                          UNITED STATES MAGISTRATE JUDGE